## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARMEL & CARMEL PC,     ) | |
|     ) | |
|        Plaintiff,    ) | |
|     ) | |
|      v.        ) | Civil Action No. 11-158 (RMC) |
|     ) | |
| DELLIS CONSTRUCTION, LTD., *et al.*, ) | |
|     ) | |
|       Defendants.    ) | |
|     ) | |

## MEMORANDUM OPINION

On December 2, 2011, the Court granted Carmel & Carmel PC's ("Carmel") motion to dismiss Clarity LTD's ("Clarity") counterclaims, finding no basis for Clarity's conversion claim and determining that Carmel did not exhibit willful default or gross negligence in failing to distribute the escrowed funds to Clarity prior to filing this interpleader. Memo. Op. [Dkt. # 38]. Carmel now moves for $123,085.47 in attorney's fees and costs under the Escrow Agreement's indemnification provision. Clarity, however, claims that it is not responsible for paying for any of the fees, and even if it is, the fee request should be substantially reduced. The Court will grant Carmel's request for fees in part.

## I.  FACTS

The relevant facts are set forth in this Court's December 2, 2011 Memorandum Opinion [Dkt. # 38] and will not be repeated here.

## II. LEGAL STANDARD

"The usual method of calculating reasonable attorneys' fees is to multiply the hours reasonably expended in the litigation by a reasonable hourly fee, producing the 'lodestar'[1] amount." *Bd. of Trs. of Hotel & Restaurant Employees Local 25 v. JPR, Inc.*, 136 F.3d 794, 801 (D.C. Cir. 1998). While there is a strong presumption that the lodestar figure represents a reasonable fee, the amount may be adjusted by a multiplier in rare and exceptional cases. *Id.* (quoting *Pennsylvania v. Delaware Valley Citizen's Council for Clean Air*, 478 U.S. 546, 565 (1986)). The fee applicant bears the burden of demonstrating that the claimed rate and number of hours are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *Covington v. Dist. of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995).

Reasonable attorneys' fees include charges for legal assistants and law clerks. *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989) ("Thus, the fee must take into account the work not only of attorneys, but also of secretaries, messengers, librarians, janitors, and others whose labor contributes to the work product for which an attorney bills her client; and it must also take account of other expenses and profit."). Various forms of litigation expenses that are not fees for attorneys' time — such as copying charges, court reporter fees, and travel costs — may also be included in the award if such expenses are routinely billed by the attorney to his or her client. *See New York v. Microsoft Corp.*, 297 F. Supp. 2d 15, 47-48 (D.D.C. 2003).

Fee applications must "include contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work with supporting

[1] The "lodestar" approach to fee awards was established by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), and is the approach followed by the federal courts in most fee award disputes. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002).

documents, if any." *In re Donovan*, 877 F.2d 982, 994 (D.C. Cir. 1989).  A fee applicant may satisfy

its burden of demonstrating that its time was reasonably spent by submitting "'sufficiently detailed

information about the hours logged and the work done' that permits the district court to 'make an

independent determination whether or not the hours claimed are justified.'"  *Cobell v. Norton*, 231

F. Supp. 2d 295, 306 (D.D.C. 2002) (quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*,

675 F.2d 1319, 1327 (D.C. Cir. 1982)).   The application need not, however, "present the exact

number of minutes spent nor the precise activity to which each hour was devoted nor the specific

attainments of each attorney." *Cobell*, 231 F. Supp. 2d at 306.  The billing descriptions can be read

in context, with clarification coming from surrounding billing entries as well as the docket.  *Heard*

*v. Dist. of Columbia*, Civ. No. 02-296 (CKK), 2006 WL 2568013, at *14-15 (D.D.C. Sept. 5, 2006).

   The number of billable hours in a fee application may be reduced for failure to

allocate tasks efficiently among attorneys based on their experience, *i.e.*, where research tasks are

performed by relatively senior attorneys more frequently than seems justifiable, or where some

attorneys' efforts have been duplicated by others.  *Davis County Solid Waste Mgmt. & Recovery*

*Special Serv. Dist. v. EPA*, 169 F.3d 755, 761 (D.C. Cir. 1999).  Fees should also not be awarded for

time spent litigating claims that were unsuccessful.   *Copeland v. Marshall*, 641 F.2d 880, 891-92

(D.C. Cir. 1980).  If a court determines that duplication or waste of effort has occurred, it has the

discretion to simply reduce the proposed fee by a reasonable amount without an item-by-item

accounting. *LaPrade v. Kidder Peabody & Co.*, 146 F.3d 899, 906 (D.C. Cir. 1998).  Outright denial

of a fee request or an item within the request is appropriate where a court finds that particular fee

request "outrageously unreasonable." *Id.*

## III.  ANALYSIS

Clarity makes two general arguments in response to Carmel's request for fees: (1) as the losing party in the interpleader action, Dellis Construction LTD ("Dellis") is solely responsible for the attorney's fees, and (2) even if Clarity bears responsibility for attorney's fees, the amount claimed by Carmel is excessive.

### A.  Disputed Escrow Provisions

3. In the event [Carmel] shall have received the notice of objection provieded for in paragraph 2 of this Escrow Agreement within the time herein prescribed, [Carmel] shall continue to hold the Escrow Amount until . . . (iii) [Carmel] shall take such affirmative steps as [Carmel] may, at [Carmel's] option, elect in order to terminated [Carmel's] duties as Escrowee, including, but not limited to, *deposit in Court and an action for interpleader, the costs thereof to be borne by the party that is not entitled to the Escrow Amount.*

4. *[Carmel] . . . shall not be liable in connection with the performance of any duties imposed upon [Carmel] by the provision of this Escrow Agreement, except for [Carmel's] own willful default or gross negligence, all costs, expenses and losses, (including, without limitation, legal expenses and costs) incurred, expended or suffered by [Carmel] in connection with performing its duties hereunder and/or defending itself hereunder shall be paid by [Dellis] and [Clarity] equally unless specifically provided otherwise in paragraph 3* of this Escrow Agreement, in which even the same shall be paid in whole by the party required by said paragraph 3 to pay the same. . . . *In the even that [Carmel] shall be uncertain as to [Carmel's] duties or rights* hereunder, or shall receive instructions from [Clarity] or [Dellis] which, in [Carmel's] opinion are in conflict with any of the provisions hereof, *[Carmel] shall be entitled to hold and disburse the Escrow Amount pursuant to paragraph 3* of this Escrow Agreement and may decline to take further action.

. . . .

6. *Other than for [Carmel's] willful default or gross negligence, [Delli] and [Clarity] hereby agree to jointly and severally indemnify and hold [Carmel] harmless from any damage, cost, liability or expense (including, but not limited to, reasonable legal fees either paid to retained attorneys or representing the fair value of legal services rendered by [Carmel]* which [Carmel] may incur by reason of its acting hereunder without prejudice to any right either party may have to recover from the other party for such damage, cost, liability or expense.

Compl., Ex. 2 (emphasis added).

**B. Responsibility for Fees**

The parties dispute which provision of the Escrow Agreement covers their fee dispute, and as a result, to what extent the Defendants are liable for the fees. Carmel contends that Clarity and Dellis are jointly and severally liable for the entire fee award under paragraph six of the Escrow Agreement. Clarity contends that paragraphs three and four of the Escrow Agreement control and that Dellis is solely liable for the fees because the Court determined that Dellis was "not entitled to the Escrow Amount." Compl., Ex. 2 ¶ 3(iii). Carmel has the better of the argument.

Paragraph 3(iii) provides that in "an action for interpleader, the costs thereof [are] to be borne by the party that is not entitled to the Escrow Amount." *Id.* Clarity is correct that Dellis (who the Court found had waived any claim to the escrowed funds) is responsible for the *costs* of the interpleader action; Clarity is incorrect that these costs include legal fees. Clarity argues that the Escrow Agreement treats legal fees as a subset of costs, and therefore the costs for which Dellis is responsible under paragraph 3(iii) also include the attorney's fees Carmel is now claiming. Clarity relies on the fourth paragraph of the Escrow Agreement, which provides that "except for [Carmel's] own willful default and gross negligence . . . all costs, expenses and losses, (including, without limitation, legal expenses and costs) . . . shall be paid by [Dellis] and [Clarity] equally . . . ." Pl.'s Opp'n [Dkt. # 43] at 3 n.2 (quoting Compl., Ex. 2 ¶ 4).[2] Despite Clarity's contention, however, this provision does not treat legal expenses as a subset of costs;

---

[2] Notably, Clarity does not argue that the provision in paragraph four, which specifically provides that "legal expenses" shall be paid "equally" by Dellis and Clarity, means that Clarity is responsible for only half of Carmel's claimed fees. In light of the indemnification provision, Carmel is responsible for the entirety of the fees but may seek later contribution from Dellis. *See* Compl., Ex. 2 ¶ 6.

instead, it treats legal expenses as a subset of "costs, expenses and losses."  Compl., Ex. 2  ¶ 4.  If

the Escrow Agreement provided that the losing party in an interpleader action was responsible

for "costs, expenses and losses," Clarity's contention that Dellis is responsible for both costs and

attorney's fees might have merit.  The Court, however, declines Clarity's invitation to rewrite the

Escrow Agreement's plain statement that "costs . . . are to be borne by the party that is not

entitled to the escrow amount" to "costs, expenses and losses (including, without limitation, legal

expenses and costs) . . . are to be borne by the party that is not entitled to the escrow amount."

Had the parties preferred this latter formulation, they should have included it in the Escrow

Agreement.

This conclusion is further buttressed by paragraph six in the Escrow Agreement

which provides that "[o]ther than for [Carmel's] willful default or gross negligence, [Dellis] and

[Clarity] hereby agree to jointly and severally indemnify and hold [Carmel] harmless from any

damage, cost, liability or expense (including, but not limited to, reasonable legal fees . . . ) which

[Carmel] may incur . . . ." Compl., Ex. 2 ¶ 6.  Just as in paragraph four, paragraph six

distinguishes between costs and legal fees/expenses.  If, as Clarity claims, legal fees were merely

a subset of costs, there would be no reason to indemnify Carmel from both costs *and* legal fees in

paragraph six.  *See U.S. ex rel. K & R Ltd. Partnership v. Massachusetts Housing Finance

Agency*, 456 F. Supp. 2d 46, 56 (D.D.C. 2006) ("The Court construes contracts in a manner that

gives effect to the words used by the parties, and assumes that the parties intend every part of a

contract to mean something, 'so that no word, clause, sentence, or phrase is rendered surplusage,

superfluous, meaningless or nugatory.'") (quoting *Air Line Pilots Assoc., Int'l v. Pension Benefit

Guaranty Corp.*, 193 F. Supp. 2d 209, 218 n.4 (D.D.C. 2002)).  Accordingly, Dellis is liable for

the costs of the interpleader action, and Dellis and Clarity are jointly and severally required to indemnify Carmel for the attorney's fees it expended in this action.[3]

### B. Reasonableness of Fees

Clarity contends that even if it is responsible for some attorney's fees, the amounts should be reduced because $123,085 in attorney's fees for a $476,000 interpleader action is clearly excessive.  Clarity also argues that, as a matter of law, Carmel should not be entitled to attorney's fees with respect to their fee application (fees on fees).  Clarity is incorrect on the latter point; however, the Court will reduce some of the claimed fees.

First, as previously discussed, Dellis is solely responsible for the costs of the interpleader action.  Thus, Clarity is not responsible for the "$1,025.09 in costs" Carmel claims in bringing and litigating this action.  Pl.'s Reply [Dkt. # 46] at 27.

Second, "in assessing whether an attorney's billed hours have been reasonably expended, courts must verify that the attorneys did not 'waste or otherwise unnecessarily spend time on the matter' . . . ."  *Electronic Privacy Info. Ctr. v. United States Dept. of Homeland Sec.,* 811 F. Supp. 2d 216, 237-238 (D.D.C. 2011) (quoting *In re Donovan,* 877 F.2d 982, 990 (D.C. Cir.1989)).  A court should deny fees "for time spent litigating claims upon which the party

---

[3] The Court declines to hold Clarity jointly liable for the interpleader costs under the indemnification provision because to do so would render nugatory paragraph three's shifting of costs to an unsuccessful defendant in an interpleader action.  *See K & R Ltd.*, 456 F. Supp. 2d 46, 566.  Additionally, the cost shifting provision in paragraph 3(iii) is specific to interpleader actions and therefore controls in any conflict with the general indemnification provision in paragraph six.  *See, e.g., Southwestern Elec. Co-op., Inc. v. F.E.R.C*, 347 F.3d 975, 982 (D.C. Cir. 2003) ("where specific contract provisions are irreconcilably in conflict with more general ones, the specific provisions control").

seeking the fee did not ultimately prevail" when those claims are fractionable.  *Copeland*, 641 F.2d at 891-92.  In this case, Carmel's fee application seeks compensation for its attempt to initiate an interpleader action in July 2010.  That action was dismissed for failure to prosecute.  *See Carmel & Carmel PC v. Dellis*, Civ. No. 10-1168, Dkt. # 3 (D.D.C. 2010).  Carmel then filed a motion for reconsideration, which was denied.  Neither Clarity nor Dellis is responsible for the time Carmel unsuccessfully spent on this prior suit, and the Court will accordingly reduce the fee amount by $7,838.41.[4]

Third, on October 27, 2011, Carmel filed a motion for leave to file a three-page brief in opposition to Claritiy's response to an order to show cause.  The motion was filed approximately seven weeks after Clarity's response and more than a month after the Court had discharged the order to show cause.  Given that the Court had already discharged the order to show cause, Carmel's motion was both "unnecessary" and "nonproductive" and the Court will reduce the fees by $11,513.75.[5]  *Copeland*, 641 F.2d at 891; *Miroglio S.P.A. v. Conway Stores, Inc.*, 629 F. Supp. 2d 307, 312 (S.D.N.Y. 2009).

Fourth, on July 8, 2011, Carmel filed a 13-page opposition to Dellis's motion to dismiss.  Carmel spent 56.25 hours on the opposition and billed $15,565.  Additionally, Mr.

---

[4]  This amount includes the June 2010 through December 2010 entries in Carmel's summary of attorney's fees. Mot. for Fees [Dkt. # 41], Ex. 2.

[5]  Clarity contends, based on Carmel's fee application, that the motion for leave to file and accompanying reply were billed by Carmel at $9,763.75 for 35.75 hours of work.  Carmel does not dispute either of these figures.  Additionally, Mr. Molster billed 3.5 hours of work on October 24, 2011 and October 27, 2011 with respect to this motion.  *See* Decl. Molster at 7-8.  The total reduction is therefore $11,513.75 ($9,763.75 + 3.5*$500).

Molster spent as much as 8.2 hours and billed $4,100.[6]  Decl. Molster at 5-6.  Clarity also filed

an opposition to Dellis's motion to dismiss on July 8, 2011—an 8-page memorandum for which

Clarity billed 14 hours at a cost of $4,012.50.  The Court has reviewed both oppositions and finds

that the more than 60 hours Carmel and Mr. Moslter spent on the opposition are excessive;

accordingly, the Court will reduce the requested fee amount from $19,665 to $8,000.

   Fifth, Clarity claims that "as a matter of law" a party is foreclosed from being

awarded attorney's fees for a fee application (fees on fees).  Thus, Clarity seeks to preclude the

entire $24,462.75 Carmel spent in preparing its fee request.  Clarity is wrong as a matter of law.

*See, e.g. Sierra Club v. E.P.A.*, 769 F.2d 796, 811 (D.C. Cir. 1985); *Environmental Defense Fund*

*v. E.P.A.*, 672 F.2d 42, 62 (D.C. Cir. 1982).  The Court, however, will reduce the requested fees.

   Mr. Molster spent 19.2 hours on the fee application and briefing for a total billing

of $9,600.[7]  *See* Decl. Molster at 8-10.  Mr. Carmel spent 10.2 hours on the fee application and

briefing for a total of $5,049.  *See* Decl. Carmel [Dkt. # 46], Ex. 5.  There is no billing for any

paralegal work on this matter, although a "practice manager" billed 2.5 hours at $185 per hour

for a total of $462.50.  *See id* ¶ 18.  Additionally, two associates worked on the fee application

---

  [6] Because of the "block entry" in Mr. Molster's declaration on 5/27/11 it is not possible to tell how many of the 4.8 hours were spent on the opposition to Dellis's motion to dismiss.  *Cf. Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co., Inc.*, 545 F. Supp. 2d 260, 268 (E.D.N.Y. 2008) ("commingling of activities within one time entry impedes the court's efforts to evaluate the reasonableness of the listed activities") (quoting *Soler v. G & U Inc.*, 801 F.Supp. 1056, 1061 (S.D.N.Y. 1992)).

  [7] Arguably, only 18.4 hours and $9,200 was spent given the December 2, 2011 entry "Review Memorandum Opinion and Order; discussion with Carmel re same."  Decl. Molster at 13.  Carmel, however, treats the entire $9,600 as a "related to the preparation and submission of the fee application," Pl.'s Reply at 27, and the Court will do the same.

for 37.75 hours for a total of $9,813.75.  Thus, partners billed 45.48% of the hours[8] and 59.88%

of the cost[9] for the fee application and associated briefing.  Carmel has presented no justification

for the amount of partner time that was spent submitting a straightforward fee application and

memorandum.  Accordingly, the Court will reduce the fee.  *See, e.g., Davis Co.*, 169 F.3d at 761

("Billable hours in fee applications are susceptible to reduction for failure to allocate tasks

efficiently to different attorneys based on experience.").  The Court also finds that nearly 65

hours is excessive and unreasonable for the fee application and the memorandum in support.  For

these reasons, the Court will allow only $12,500 of the requested $24,462.75.

## IV. CONCLUSION

Under the Escrow Agreement's indemnification provision Clarity and Dellis are

jointly and severally liable for the fees Carmel expended in this action.  However, the amount

due by Clarity in response to Carmel's fee request of $123,085.50 is reduced to $79,080.47 based

upon the following reductions: (1) $1,025.09 in costs for the interpleader action (payable to

Carmel by Dellis); (2) $7,838.41 in fees with respect to the first interpleader action, which was

dismissed for failure to prosecute; (3) $11,513.75 expended on a motion for leave to file a reply

to an order to show cause which had already been discharged; (4) $11,665 with respect to

---

[8] Mr. Carmel and Mr. Molster billed 29.4 of the 64.65 total hours (45.48%).

[9] Mr. Carmel and Mr. Molster billed $14,649 of the $24,462.75 requested for the fee application (59.88%).

Carmel's opposition to Dellis's motion to dismiss; and (5) $11,962.75 with respect to the fee

application.  A memorializing Order accompanies this Memorandum Opinion.


Date: May 1, 2012                      _____/s/_____

                                       ROSEMARY M. COLLYER
                                       United States District Judge